The document below is hereby signed. Dated: April 13, 2012.



```
                                    _____
                                           S. Martin Teel, Jr.
                                           U.S. Bankruptcy Judge
```

```
            UNITED STATES BANKRUPTCY COURT
              FOR THE DISTRICT OF COLUMBIA

In re                           )
                                )
ROBERT MICHAEL MCDEVITT,        )    Case No. 11-00914
                                )    (Chapter 13)
              Debtor.           )
_____ )
                                )
ROBERT MICHAEL MCDEVITT,        )
                                )
              Plaintiff,        )
                                )
      v.                        )    Adversary Proceeding No.
                                )    11-10061
WELLS FARGO BANK, N.A.,         )
                                )    Not for publication in
              Defendant.        )    West's Bankruptcy Reporter.
```

MEMORANDUM DECISION RE MOTION TO DISMISS

The defendant has filed a supplemental memorandum in support of its motion to dismiss, pointing to the dismissal of the main bankruptcy case, Case No. 11-00914, and events in the Superior Court of the District of Columbia, as furnishing additional grounds for dismissing this adversary proceeding. The court will dismiss this adversary proceeding.

The claims that the plaintiff, McDevitt, asserts relate to a foreclosure sale that was conducted under a deed of trust

securing a claim owed the defendant.  The claims are all based on District of Columbia law, and do not arise under the Bankruptcy Code.  As a matter of comity, it makes sense to have the claims adjudicated in the District of Columbia court system, and the court already lifted the automatic stay to permit the purchaser at the foreclosure sale at issue to proceed with the litigation pending there.  This adversary proceeding was left pending only because McDevitt wanted a possibly quicker resolution of his claims in order to facilitate his chapter 13 case.  Now that his chapter 13 case has been dismissed, that rationale for retaining jurisdiction over the adversary proceeding no longer exists.  A dismissal without prejudice will leave McDevitt free to pursue his claims against the defendant in the Superior Court or another court of competent jurisdiction.

    The defendant has relied on events in the Superior Court as a basis for seeking dismissal of McDevitt's claims, and the Superior Court can obviously address that issue as the court in which the events occurred.  Even if McDevitt were to sue the defendant in a court other than the Superior Court, there will be no serious inconvenience to the parties if this court has dismissed this proceeding without having decided that issue.

    Comity, judicial economy, fairness, and the convenience of the parties weigh in favor of dismissing this adversary proceeding.  Accordingly, the court will dismiss the proceeding

without prejudice, with each party to bear its own costs.  An order follows.

                                        [Signed and dated above.]

Copies to: All counsel of record.